UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>JULIO ENRIQUE GONZALEZ<br><br>                    Defendant. | Case No.: 17-cr-3557-JAH-RBB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT** |

Pending before the Court is Defendant Julio Enrique Gonzalez' Motion to Dismiss Indictment pursuant to 8 U.S.C. § 1326 (d). [Doc. No. 21]. The motion has been fully briefed and argument was heard on May 14, 2018. After careful consideration of the pleadings and arguments submitted by both parties, and for the reasons set forth below, Defendant's Motion to Dismiss Indictment is **DENIED**.

## **BACKGROUND**

Defendant began living in the United States in 1978. See Doc. No. 21–1, pg. 2. On November 10, 2003, Defendant was convicted of California Penal Code section 288(a), lewd and lascivious acts with a minor–and sentenced to six years in prison. Id. On February 4, 2008, prior to being released from prison, the United States initiated removal proceedings against Defendant, asserting that his conviction was an "aggravated felony". Id. At the removal proceedings, an Immigration Judge found Defendant's conviction to be

1

"sexual abuse of a minor," and ordered Defendant be deported back to El Salvador. Id. In October of 2017, United States Border Patrol found Defendant in the United States illegally. See Doc. No. 25, pgs. 2–3. He was arrested, and charged with a violation of 8 U.S.C. § 1326(a)–Deported Alien Found In the United States. Id.

Defendant moves for dismissal of the indictment arguing his § 288(a) conviction is not an aggravated felony, and as such, his 2008 deportation was invalid. Defendant contends that because the deportation underlying the current charge was invalid, the case should be dismissed. During oral arguments held before this Court on May 14, 2018, both parties agreed that the dispositive issue is whether Defendant's § 288(a) conviction qualifies as "sexual abuse of a minor" as defined by the Immigration and Nationality Act, § 237(a)(2)(A)(iii). Defendant argues that Ninth Circuit precedent qualifying § 288(a) as "sexual abuse of a minor" was abrogated by the Supreme Court's decision in Esquivel-Quintana v. Sessions, 137 S. Ct. 1562 (2017). The United States disagrees with Defendant's broad interpretation and application of the Esquivel-Quintana decision.

## DISCUSSION

There is no dispute that prior to Esquivel-Quintana, the Ninth Circuit has consistently held that § 288(a) constitutes "sexual abuse of a minor." See United States v. Baron-Medina, 187 F.3d 1144 (9th Cir. 1999) ("The conduct reached by Section 288(a) indisputably falls within the common, everyday meanings of the words 'sexual' and 'minor.' Moreover, the expansive reach of Section 288(a) does not persuade us that it does not punish 'abuse.' The use of young children for the gratification of sexual desires constitutes an abuse."); United States v. Medina-Villa, 567 F.3d 507 (9th Cir. 2009); United States v. Farmer, 627 F.3d 416 (9th Cir. 2010) ("[O]ur cases have established that sexual touching of children younger than fourteen—the precise conduct prohibited by California Penal Code § 288(a)—invariably involves 'sexual abuse.'")

Ninth Circuit courts are bound by a prior circuit decision unless that decision is "clearly irreconcilable with intervening Supreme Court precedent." Biggs v. Sec'y of Cal. Dep't of Corr. & Rehab., 717 F.3d 678, 689 (9th Cir. 2013) (citing Miller v. Gammie, 335

2

F.3d 889, 899–900 (9th Cir. 2003)). "Circuit precedent...can be effectively overruled by subsequent Supreme Court decisions that are 'closely on point' even though those decisions do not expressly overrule the prior circuit precedent." Miller, 335 F.3d at 899. The issues need not be identical; "[r]ather, the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." Id. at 900. "This is a high standard." Lair v. Bullock, 697 F.3d 1200, 1207 (9th Cir. 2012) ("It is not enough for there to be some tension between the intervening higher authority and prior circuit precedent or for the intervening higher authority to cast doubt on the prior circuit precedent."). Therefore, unless the Supreme Court's holding or analysis in Esquivel-Quintana is clearly irreconcilable, Baron-Medina and its progeny remain binding law.

In Esquivel-Quintana, a Mexican citizen, and lawful permanent resident living in California, pled no contest to a statutory rape charge pursuant to Cal. Penal Code § 261.5, which makes it "unlawful to have sexual intercourse with a minor who is more than three years younger than the perpetrator." Esquivel-Quintana, 137 S. Ct. at 1567. California defines "minor" as any person under the age of 18." Id. An Immigration Judge ruled that this conviction constituted "sexual abuse of a minor," an aggravated felony, and ordered that Esquivel-Quintana be deported. Id. The Supreme Court reversed, holding that statutory rape offenses are only categorized as "sexual abuse of minor" when the victim is less than 16 years old. Id. at 1573 (". . . in the context of statutory rape offenses focused solely on the age of the participants, the generic federal definition of 'sexual abuse of a minor' requires the age of the victim to be less than 16.").

Defendant contends that prior to Esquivel-Quintana, the Ninth circuit interpreted the generic federal crime of "sexual abuse of a minor" by separating it into three elements: (1) sexual conduct, (2) abuse, and (3) minor. See United States v. Medina-Villa, 567 F.3d 507, 513 (9th Cir. 2009). Defendant argues that because the Ninth Circuit separates the elements in such a way, a sexual act is not technically required, and a § 288(a) violation can occur through non-intimate touching. In Esquivel-Quintana, the Court analyzed the elements of

3

"sexual abuse of a minor" differently, parsing the elements into two: (1) "sexual abuse" and (2) a "minor." Esquivel-Quintana, 137 S. Ct. at 1569. After analyzing the two elements, the Court concluded that in order for a statute to "qualify as sexual abuse of a minor, the statute of conviction must prohibit certain *sexual acts* based at least in part on the age of the victim." Id. (emphasis added). Defendant heavily relies on this language to support his position that Esquivel-Quintana requires a sexual act in order to qualify as "sexual abuse of a minor." Defendant further contends that because § 288(a) can be satisfied by "any touching of the victim," even touching in a non-sexual nature, it is overly broad, and thus cannot fit the federal definition of "sexual abuse of a minor."

It is the United States' position that Esquivel-Quintana's holding was limited to statutory rape statutes and did not explicitly overturn–or even address–Ninth Circuit precedent related to section 288(a). Doc. No. 25, pg. 9. The United States contends that given Esquivel-Quintana's narrow scope, it is not "clearly irreconcilable" with prior Ninth Circuit jurisprudence. Id. at pg. 10.

## I. Analysis

Defendant's argument that Esquivel-Quintana abrogates controlling Ninth Circuit precedent is unpersuasive. The holdings and analysis in Esquivel-Quintana are narrowly focused on statutory rape statutes, and more specifically, the age of the participants involved in the statutory rape. Esquivel-Quintana, 137 S. Ct. at 1572–73 ("We hold that *in the context of statutory rape offenses* focused solely on the age of the participants, the generic federal definition of "sexual abuse of a minor" under § 1101(a)(43)(A) requires the age of the victim to be less than 16.") (emphasis added). In essence, Defendant's argument relies on one sentence of the opinion: ". . . to qualify as sexual abuse of a minor, the statute of conviction must prohibit *certain sexual acts* based at least in part on the age of the victim." Esquivel-Quintana, 137 S. Ct. at 1569 (emphasis added). Because statutory rape inherently involves sexual intercourse, which is undoubtedly a sexual act, the Esquivel-Quintana decision does not define "sexual acts" or analyze it in any way. Medina-Villa, 567 F.3d at 512. Because Esquivel-Quintana is silent as to what sexual acts are required to

4

qualify as "sexual abuse of a minor," it cannot abrogate previous Ninth Circuit precedent on the issue.

Moreover, a recent Fifth Circuit Court of Appeals decision supports this narrow interpretation of Esquivel–Quintana. See Shroff v. Sessions, No. 17-60042, 2018 WL 2222659, at *2 (5th Cir. May 15, 2018). In Schroff, the defendant was subject to removal after being convicted of "online solicitation of a minor." Id. at 1. In a similar motion to the one before this Court, the Schroff defendant argued that Esquivel-Quintana required certain sexual conduct in order to qualify as "sexual abuse of a minor." Id. (emphasis added). Schroff argued that Esquivel–Quintana abrogated Fifth Circuit precedent that "sexual abuse of a minor" can occur even when there is no physical contact because "conduct can be abusive due to the psychological harm." Id. (citing Contreras v. Holder, 754 F.3d 286, 295 (5th Cir. 2014)). The Fifth Circuit disagreed, finding that Esquivel–Quintana did not overrule their previous precedent because the Supreme Court "focused on the age requirement and ***did not make an express holding on the requirement of sexual contact***." Id. (citation omitted) (emphasis added).

The Ninth Circuit Court of Appeals has not directly analyzed Esquivel–Quintana, however, it did affirm its prior holdings regarding § 288(a) in a post-Esquivel–Quintana decision. See United States v. Hernandez-Jimenez, 702 F. App'x 646, 647 (9th Cir. 2017) (unpublished). The defendant in Hernandez-Jimenez argued that § 288(a) is overly broad because § 288(a) can be found "even when the victim suffered no harm." Id. Without discussing or citing to Esquivel–Quintana, the Ninth Circuit rejected this argument, holding that Medina-Villa and Farmer remain controlling authority, and a conviction under § 288(a) still constitutes "sexual abuse of a minor." Id. Additionally, in another post Esquival-Quintana decision, the Ninth Circuit affirmed the three element "sexual abuse of a minor" definition articulated in Medina-Villa, and recognized that the definition used in Esquival-Quintana "applies mainly to statutory rape offenses." Quintero-Cisneros v. Sessions, No. 13-72632, 2018 WL 2771030, at *3 (9th Cir. June 11, 2018).

The Court notes that another court in this district did grant an identical motion to dismiss the indictment. See United States v. Arreola–Barragan, Case No. 17-cr-1808-DMS, ECF No. 25 (September 19, 2017). However, the Court finds this decision unpersuasive as it was made prior to the Hernandez-Jimenez, Quintero-Cisneros, and Shroff decisions.

## **CONCLUSION**

As stated above, this Court is bound by a prior Ninth Circuit decisions unless that decision is clearly irreconcilable with intervening Supreme Court precedent. Based on a common-sense reading of the decision, the Fifth Circuit's interpretation in Shroff, and the Ninth Circuit's affirmation of prior holdings in a post Esquivel–Quintana decision, it is clear that Esquivel–Quintana is not clearly irreconcilable with prior circuit authority. For the reasons stated herein, Defendant's Motion to Dismiss the Indictment is **DENIED**.

**IT IS SO ORDERED.**

DATED: June 15, 2018

JOHN A. HOUSTON
United States District Judge

6

17-cr-3557-JAH-RBB